**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DELISA BROWN,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO: 2:05-cv-552-C** |
| | ) | |
| | ) | |
| **CEMEX, INC. AND AMERICAN GENERAL LIFE COS** | ) | |
| | ) | |
| | ) | |
| **Defendants/Counter-Plaintiffs** | ) | |

**ORDER**

Plaintiff/Counter-Defendant, Delisa Brown, initially commenced this action in the Circuit Court of Marengo County, Alabama, on August 31, 2005, seeking a declaration that she is the sole beneficiary to certain life insurance benefits provided under a group life insurance policy issued by United States Life Insurance Company in the City of New York ("U.S. Life") to her decedent's former employer, Cemex, Inc. ("Cemex"). On September 28, 2005, U.S. Life and Cemex removed this lawsuit to federal court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), on the grounds that Plaintiff/Counter-Defendant seeks to recover benefits under a qualified ERISA plan. The action is presently before the Court on Plaintiff/Counter-Defendant's Motion to Remand to state court, filed on October 7, 2005. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the Court finds that the Motion to Remand is due to be DENIED.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by … the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over, among other cases, cases involving federal questions, or cases "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Ordinarily, the Court would consider whether the plaintiff has stated a claim arising under federal law in her complaint. See Aetna Heath Inc. v. Davila, 542 U.S. 200 (2004). However, the well-pleaded complaint rule is qualified by the doctrine of complete preemption. Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

The Supreme Court has recognized that the comprehensive remedial scheme established by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for loss or denial of employee benefits is one area where Congress intended to provide for complete or "super preemption" of state law claims. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64-67 (1987). Therefore, when a plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a), regardless of the merits of plaintiff's actual claims, relief is available, and there is complete preemption, when the following four elements are satisfied: (1) there must be a relevant ERISA plan; (2) the plaintiff must have standing to sue under the plan; (3) the defendant must be an ERISA entity; and (4) the complaint must seek compensatory relief akin to that available under 29 U.S.C. § 1132(a). Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999).

Having reviewed and considered the record evidence, the Court is convinced that all four Butero factors are satisfied. First of all, the Court finds that Cemex's group life insurance program qualifies as an

employee welfare benefit plan under ERISA. Specifically, the facts and undisputed evidence demonstrate that Cemex established a group life plan (insured through a policy of insurance) in order to provide life insurance benefits to eligible employees and/or their designated beneficiaries. Complaint ¶ 6; Exhibit B to Joint Notice of Removal. Second, the Eleventh Circuit has recognized that potential beneficiaries, such as the Plaintiff here, have standing to enforce the terms of an ERISA plan. See Brown v. Connecticut General Life Ins. Co., 934 F.2d 1193, 1196 n.4 (11th Cir. 1991). Third, U.S. Life, the fiduciary responsible for insuring the Plan and adjudicating claims for benefits, and Cemex, the Employer and Plan Sponsor, are ERISA entities. See 29 U.S.C. § 1132(d).

Finally, Plaintiff/Counter-Defendant is clearly seeking relief akin to that available under 29 U.S.C. § 1132(a)(1)(B). Specifically, in her Complaint, Plaintiff/Counter-Defendant seeks "an order making the Change of Beneficiary Form valid and allowing her to receive the benefits from the life insurance policy …". Based on Plaintiff/Counter-Defendant's allegations, the Court finds that Plaintiff/Counter-Defendant has set forth a claim that is actually an ERISA claim for wrongful denial of benefits. See Brown, 934 F.2d at 1196 (holding that state court declaratory judgment action filed by potential plan beneficiary to recover benefits under an ERISA plan is "easily characterized" as a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and thus was "properly removed from state court to federal court pursuant to 28 U.S.C. § 1441(b)…").

The Court has considered Plaintiff/Counter-Defendant's additional arguments in support of remand and finds those arguments unpersuasive. For the reasons set forth above, the Plaintiff's Motion to Remand is DENIED.

Defendants/Counter-Plaintiffs shall begin the process of bringing all those claiming an interest in the Plan benefits before this Court. If that is not accomplished within sixty days of this Order, a status report is to be filed stating the reasons for not being able to accomplish this task.

Done, this 22nd day of November, 2005.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE