### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| DELISA BROWN, | : | |
| Plaintiff/Counter-Defendant, | : | |
| vs. | | |
| | : | |
| CEMEX, INC. and AMERICAN GENERAL LIFE COS, | : | CA 05-0552-C |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | : | |
| | : | |
| vs. | | |
| | : | |
| TERRELL BROWN, SHATOYA BROWN, SHANNON BROWN, and LARKIN & SCOTT FUNERAL HOME, | : | |
| | : | |
| Third-Party Defendants. | | |

### ORDER

The plaintiff/counter-defendant and all third-party defendants are **ORDERED** to appear before the Court at 11:00 a.m. on **June 22, 2006**, in the United States Courthouse in **Selma, Alabama**, to discuss their various interests in the insurance proceeds paid into the registry of this Court by

United States Life covering the life of James E. Brown, decedent.[1] Because a corporation cannot appear in court other than through counsel, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel. . . . The general rule applies even where the person seeking to represent the corporation is its president and major stockholder."), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986); *see also Federal Trade Commission v. Gem Merchandising Corp.*, 1995 WL 623168, *1 (11th Cir. 1995) ("It is well settled that a corporation is an artificial entity which cannot appear *pro se* in legal proceedings but must be represented by counsel. . . . This rule applies even when the person seeking to represent the corporation is its president and major stockholder."), Larkin & Scott Funeral Directors must appear before the undersigned in Selma on June 22, 2006 through retained counsel.

During the hearing on June 22, 2006, the Court will not only discuss with the interested claimants their individuals claims to the proceeds, but, as well, will discuss with them the defendants' motion for discharge of further liability and dismissal with prejudice (Doc. 31; *see also* Doc. 32). Should any

---

[1] The defendants/counter-plaintiffs/third-party plaintiffs, Cemex, Inc. and The United States Life Insurance Company, **NEED NOT APPEAR AT THIS HEARING**.

of the interested claimants, that is, Delisa Brown, Shannon Brown, Shatoya Brown, Terrell Brown, or Larkin & Scott Funeral Directors, have any objection to the defendants' motion for discharge those objections should be reduced to writing and filed with this Court on or before **May 11, 2006**.

Given the nature of this action and the fact that the Third-Party Defendants are not shown to have representation (see Docs. 27-30), the Clerk is directed to serve a copy of this Order on Larkin & Scott Funeral Directors, Shannon Brown, Shatoya Brown and Terrell Brown by certified mail, return receipt requested. These parties are advised that they are required to appear at this hearing and their failure to appear may constitute a waiver of any claim they may have to the insurance proceeds on deposit with the Court.

**DONE** and **ORDERED** this the 14th day of April, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**