**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

DELISA BROWN, :

Plaintiff/Counter-Defendant, :

vs. :

CEMEX, INC. and AMERICAN GENERAL LIFE COS, : CA 05-0552-C

Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, :

vs. :

TERRELL BROWN, SHATOYA BROWN, SHANNON BROWN, and LARKIN & SCOTT FUNERAL HOME, :

Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the defendants' motion for discharge of further liability and dismissal with prejudice (Doc. 31; *see also* Doc. 32) and the settlement agreement executed by the plaintiff, Delisa Brown, and the third-party defendants, Terrell Brown, Shatoya Brown, Shannon Brown, and Larkin & Scott Funeral Home (*see* Attachment). The parties in this case have

consented, either in writing[1] or orally[2], to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings. Through this order the Court **GRANTS** the defendants' motion for discharge of further liability and dismissal with prejudice and **APPROVES** the settlement between plaintiff and the third-party defendants, one of whom is a minor child.

**FINDINGS OF FACT**

1. On August 31, 2005, plaintiff, Delisa Brown, filed a complaint for declaratory judgment in the Circuit Court of Marengo County, Alabama against Cemex, Inc. and American General Life Companies (hereinafter, "U.S. Life") with respect to proceeds ($31,500.00) from a life insurance policy purchased by plaintiff's deceased husband, James E. Brown, and issued by

---

[1] In November of 2005, plaintiff, Delisa Brown, and the defendants, Cemex, Inc. and American General Life Companies, executed a written consent form, same reading, in relevant part, as follows: "In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, and order the entry of a final judgment, and conduct all post-judgment proceedings." (Doc. 15)

[2] At the hearing held in this case on August 18, 2006, all third-party defendants, through counsel, orally consented to the exercise of jurisdiction by the undersigned. *Cf. Roell v. Withrow*, 538 U.S. 580, 123 S.Ct. 1696, 1703, 155 L.Ed.2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

U.S. Life to Cemex, the decedent's former employer. (Doc. 1, Exhibit A, COMPLAINT FOR DECLARATORY JUDGMENT)

2.  On September 29, 2005, the defendants removed the action to this Court alleging federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), on the basis that plaintiff sought to recover benefits under an employer-sponsored ERISA plan. (Doc. 1)

3.  On October 10, 2005, U.S. Life answered the complaint and therein filed a counterclaim for interpleader seeking to pay the contested life insurance proceeds into the Court's registry. (Doc. 9, at 5-9)

4.  On December 7, 2005, with leave of Court, U.S. Life tendered a check in the amount of $32,694.41 (the proceeds of the policy and applicable interest) for deposit into the Court's registry. (Docs. 17, 19 & 21)

5.  On December 15, 2005, U.S. Life filed a third-party complaint against Terrell Brown, Shatoya Brown, Shannon Brown and Larkin & Scott Funeral Directors. (Doc. 22)

6.  On January 23, 2006, Larkin & Scott Funeral Directors filed a funeral expense bill totaling $7,289.00 (Doc. 27) and, on January 30, 2006, each child of the decedent, third-party defendants Terrell Brown, Shatoya Brown, and Shannon Brown, answered the third-party complaint by claiming

an interest in the subject insurance proceeds (Docs. 28-30).

7. On March 10, 2006, the defendants filed their motion for discharge of further liability and dismissal with prejudice. (Doc. 31; *see also* Doc. 32)

> 7. U.S. Life and Cemex [] request the following relief from the Court:
>
> a. that, pursuant to 28 U.S.C. §§ 2361, 2283, and 1651, the Court will enjoin the Plaintiff/Counterclaim-Defendant and Third-Party Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the proceeds of Group Policy No. G-246282 and, upon final hearing, permanently enjoin and restrain Plaintiff/Counterclaim-Defendant and Third-Party Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any suit or proceedings in any state or federal court for the recovery of the proceeds of Group Policy No. G-246282 or relating in any way to U.S. Life and/or Cemex's actions with respect to the handling of this claim; [and]
>
> b. that the Court will discharge U.S. Life and Cemex from all further liability under or relating to the proceeds of the Group Policy No. G-246282, other than as ordered by the Court[.]

(Doc. 31, at 2-3)

8. On April 17, 2006, the Court ordered the plaintiff and third-party defendants to appear in the federal courthouse in Selma, Alabama, on June 22,

2006, to discuss their various interests in the insurance proceeds paid into the registry of the Court and whether any of them harbored any objection to the defendants' motion for discharge of further liability and dismissal with prejudice. (Doc. 33) The Court *sua sponte* rescheduled the hearing for August 18, 2006. (Doc. 35)

      9. On June 19, 2006, Barrown D. Lankster, Esquire, filed a notice of appearance as attorney of record for third-party defendants Terrell Brown, Shatoya Brown, and Shannon Brown (Doc. 37) and concurrently therewith filed a motion for the appointment of a guardian ad litem to represent the interests of Shannon Brown, a minor child born on November 25, 1990 (Doc. 38). The Court granted the motion for the appointment of a guardian ad litem on August 3, 2006; Deborah Brown, Shannon Brown's natural mother, was appointed as her guardian ad litem. (Doc. 40)

      10. At the August 18, 2006 hearing in Selma, Alabama, the Court was presented with a settlement agreement executed by the attorneys of record for plaintiff and third-party defendants Terrell Brown, Shatoya Brown, and Larkin & Scott Funeral Directors,[3] as well as third-party defendant Shannon Brown's guardian ad litem, Deborah Brown. (Attachment)

---

[3] Woodford Dining, Jr., filed his notice of appearance as attorney of record for Larkin & Scott Funeral Directors on June 21, 2006. (Doc. 39)

> The parties in the matter of *DELISA BROWN V. AIG, et al.*, CA 05-552-C, which is a pending matter in the U.S. District Court for the Southern District of Alabama Northern Division agree to the following disbursement of funds:
>
> TOTAL AMOUNT PAID INTO COURT BY AIG $32,694
>
> LARKIN & SCOTT LIEN FOR FUNERAL [$]7,289
>
> | | |
> |---|---|
> | DELISA BROWN | [$]12,702.50 |
> | SHANNON BROWN | [$]4,234.17 |
> | SHATOYA BROWN | [$]4,234.17 |
> | TERRELL BROWN | [$]4,234.17 |
>
> We the parties to this matter agree to the above disbursement of funds and request that the court enter an order disbursing the funds payable as listed above. Any interest accrued is to be divided among the parties by share of disbursement, less the court's 10% assessment.

(*Id*.)

11. The Court has been advised that out of plaintiff's proceeds of the above settlement plaintiff's attorney, Kimberlyn P. Malone, Esquire, is requesting attorney's fees totaling $3,175.00. The evidence presented to this Court and the evidence recited in this order causes this Court to conclude that the attorney's fees requested by plaintiff's counsel are just, fair, and equitable. Therefore, the Court approves the fees requested by plaintiff's counsel.

12. Based on the evidence presented at the hearing in this cause on

August 18, 2006, as well as all pertinent pleadings contained in the file, it is determined that the proposed settlement is in the best interest of the minor child of the decedent, Shannon Brown (as well as the other parties), and is a just, fair, and equitable conservation of her individual interests. The settlement is hereby ratified and expressly approved by the Court.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows**:

1. That the money deposited into the registry of this Court by defendant U.S. Life shall be divided in the following manner: (1) plaintiff, Delisa Brown, shall be paid $12,702.50; (2) third-party defendant Shannon Brown shall have $4,234.17, with her fair distribution being paid to her mother and guardian ad litem, Deborah Brown; (3) third-party defendant Shatoya Brown shall have $4,234.17; (4) third-party defendant Terrell Brown shall have $4,234.17; and (5) third-party defendant Larkin & Scott Funeral Directors shall have $7,289.00.[4] In addition, the interest that has accrued on the monies paid into the registry of the Court shall be divided among the parties to the settlement agreement by share of disbursement, less the Court's

---

[4] These amounts come to a total of $32, 694.01. As aforesaid, defendant U.S. Life paid into the registry of this Court $32,694.41. The remaining $.40 shall go to the minor third-party defendant Shannon Brown.

10% managing assessment, as follows: (1) plaintiff, Delisa Brown, shall be paid 39% of the accrued interest; (2) third-party defendant, Shannon Brown, shall have 13% of the accrued interest, with distribution being made to her mother and guardian ad litem Deborah Brown; (3) third-party defendant Shatoya Brown shall have 13% of the accrued interest; (4) third-party defendant Terrell Brown shall have 13% of the accrued interest; and (5) third-party defendant Larkin & Scott Funeral Directors shall have 22% of the accrued interest.

2. That attorney's fees of $3,175.00 are awarded out of Delisa Brown's portion of the settlement proceeds to Kimberlyn P. Malone, Esquire, as a reasonable attorney's fee for the representation of plaintiff.

3. That the defendants' motion for discharge of further liability and dismissal with prejudice (Doc. 31) be and the same hereby is **GRANTED**. The Court **ENJOINS** the plaintiff and third-party defendants from instituting or pursuing any suit or proceedings in any state or federal court for the recovery of the proceeds of Group Policy No. G-246282 or relating in any way to the defendants' actions with respect to the handling of this claim and **DISCHARGES** the defendants, U.S. Life and Cemex, from all further liability under or relating to the proceeds of Group Policy No. G-246282.

**DONE** and **ORDERED** this the 22nd day of August, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**